By the Court, Nelson, Ch. J.
The dam in question was built in pursuance of the act of 1826, (Sess. Laws of 1826, p. 180,) which provided, among other things, that the proprietors of the dam (the defendants) should make one or more locks in the same, and keep them in good repair ; that they should execute *470 a bond to" the people of this state in the penal sum of $10,000, conditioned for the payment of such damages as each and every person might sustain in consequence of the raising of the water of the river by means of the dam, or by not keeping the locks in repair; that any person conceiving himself aggrieved &c. might prosecute on said bond to recover his damages &c.; that such person might apply to the circuit judge of the district in which the dam was located, whose duty it should be to appoint three appraisers to enquire and ascertain whether the applicant had sustained damages by reason of the erection of the dam; that the applicant should give notice to the parties interested of the time and place of the meeting of the appraisers; that the appraisement should be filed in the county clerk’s office ; that if the sum at which the damages were appraised was not paid, &c., the person entitled thereto might prosecute the bond; and that a copy of the appraisement certified by the county clerk should be conclusive evidence of the amount of damages. The amendatory act of 1829 (Sess. Laws of 1829, p. 239) authorized the person aggrieved to apply to the first or senior judge of the Livingston county courts, whose duty it should be to appoint one of the justices of the peace of the town of Geneseo to enquire and ascertain, by the examination of witnesses or otherwise, whether such person had sustained damage by means of the dam. The last mentioned act also provided that the assessment should be signed by the justice and filed in the county clerk’s office; and that a certified copy should be conclusive evidence of the amount of damages.
It is objected that the certificate of assessment was not signed by the justice, as required by the statute of 1829, and should therefore have been rejected by the judge at the trial. It is not denied that it was drawn up by the justice and filed in the clerk’s office, as the result of his enquiry into the claim for damages by means of the dam, and that it was intended as evidence of his adjudication in the matter. I say it is not denied, because no objection was taken at the trial upon these grounds. The objection was confined solely to the want of a proper signature. In analogy to the numerous cases decided under the statute of frauds, *471 as respects the signature required by that act to contracts of sale and testamentary dispositions, I apprehend we are hound to say that the name of the justice in his own hand-writing at the beginning of the certificate is a sufficient signing within the act in question. (Propert v. Parker, 1 Russ. & Mylne, 625; Clason v. Bailey, 14 Johns. Rep. 484; Sugd. On Vend. 89; Long On Sales, 57, ed. of 1839, and the cases there cited!)
It is next objected, that the certificate was only evidence of the amount of damages sustained, and that the plaintiffs were therefore bound to prove the damages to have happened by means of the erection of the dam. Looking at the course of legislation on the subject, I am of opinion that the certificate is conclusive upon the defendants as to both points, and of the entire cause of action. The act of 1826 provided for the appointment of three appraisers, whose duty it was to enquire and ascertain whether the person aggrieved had sustained damages by reason of the erection of the dam, and to assess the same. The provision, in terms, clearly involves the necessity of examining not only as to the amount, but whether the damages claimed were occasioned by means of the dam, or otherwise. Besides, the assessment of damages by the appraisers would be a very idle and useless ceremony if the party aggrieved should still be obliged, in an action upon the bond, to establish the fact that the damages were occasioned by the erection of the dam; for it is manifest that substantially the same testimony would be necessary for this purpose, as had already been heard before the appraisers.
The three appraisers were doubtless intended as the tribunal to settle definitively the whole subject of controversy between the parties, such a proceeding being the cheapest and most expeditious way of determining it; and the bond required, and the remedy given thereon, were designed to afford security for the payment of whatever sum might be awarded against the proprietors. It was to be signed by them with sureties.
The act of 1829 simply substituted a justice of the peace in the place of the three appraisers, imposing upon him the same duty enjoined upon the appraisers in the act of 1826, and giving the like effect to his certificate as had before been given to the appraisement,
*472 It was suggested on the argument that if the act made or intended to make the certificate qf the justice conclusive upon the parties, the provision was unconstitutional, for’ the reason that it authorized a proceeding not according to the course of the common law, and deprived the parties of the. right of trial. by jury. .The short answer is, that the defendants took the grant to build the dam with this condition attached' to it; and they are not now at liberty to make the objection, though, under other circumstances, it might have been effectual. It was competent for them to waive the right of a trial according to the common law, even if, without such waiver, they would be eon-' sidered as entitled to it.'
It is further objected, that the judge erred in excluding the offer to prove that the canal commissioners had taken possession of the dam for the use of the state, and that the damages were occasioned in consequence of certain alterations made by them in pursuance of law. If we are right in our view of the powers conferred upon the justice in the assessment of damages, this question was one that belonged exclusively, to his consideration and decision. . ■
. Upon the whole, we think the circuit judge was right, and that a new trial should be denied.
New trial denied.